IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| LUIS ENRIQUE MARTINEZ<br>*Plaintiff*<br><br>VS.<br><br>FCA US, LLC<br>*Defendant* | §<br>§<br>§  CIVIL ACTION NO. 7:19-cv-00343<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THIS COURT:**

**COMES NOW, LUIS ENRIQUE MARTINEZ** (hereinafter to be referred to as "Plaintiff") in above-styled and numbered cause and files his Plaintiff's First Amended Original Complaint complaining of FCA US, LLC f/k/a CHRYSLER GROUP, LLC (hereinafter to be referred to as "Defendant" or "Defendant FCA"), and for cause of action would show unto the Court as follows:

### I.
### PARTIES

1.1   Plaintiff, **LUIS ENRIQUE MARTINEZ**, is an individual residing in Hidalgo County, Texas.

1.2   Defendant, **FCA US, LLC f/k/a CHRYSLER GROUP, LLC** is a Foreign Limited Liability Company with its principal office at 1000 Chrysler Dr., Auburn Hills, Michigan 48326. FCA US, LLC f/k/a Chrysler Group, LLC has previously been served with citation and no further service is requested at this time.

### II.
### VENUE AND JURISDICTION

2.1   The Court has jurisdiction over this case because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3) based on diversity of citizenship and an amount-in-controversy exceeding $75,000, exclusive of interest and costs. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit was originally filed is located in

*Plaintiff's First Amended Original Complaint*

this district. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## III.
## FACTS

3.1 Plaintiff purchased a 2018 Dodge Ram 3500 Tradesman truck (VIN 3C63RRGLXJG343300) (hereinafter "Vehicle") for commercial use from Burns Motors in McAllen, Hidalgo County, Texas.

3.2 The subject 2018 Dodge Ram 3500 and its airbag deployment system were designed, manufactured, marketed, distributed and sold by Defendant FCA.

3.3 On or about April 25, 2019, Plaintiff was severely injured when the vehicle's side left and right airbags violently deployed without warning. At the time the airbags deployed, the vehicle was stationary and parked at 8420 N Expressway 281, Edinburg, Hidalgo County, Texas. After the incident, Plaintiff had the vehicle towed to Burns Motors where it remains unrepaired as of this day.

3.4 As a result, Plaintiff sustained serious and permanently debilitating injuries and damages. Due to the impact of the airbags, Plaintiff's retina was detached, resulting in vision loss. In addition, Plaintiff has suffered various injuries to his neck, back, and shoulders.

3.5 To date, Plaintiff has suffered roughly $35,000.00 in damages due to the loss of use of the vehicle in his business. On average, the vehicle brings in roughly $9,000.00 a month to Plaintiff's shipping and trucking company.

## IV.
## CAUSES OF ACTION

***Breach of Express and Implied Warranty of Merchantability***

4.1 Plaintiff repeats and re-alleges all of the foregoing as though fully set forth herein.

4.2 Defendant FCA is a manufacturer and merchant of automobiles, including, the 2018 Dodge Ram 3500 purchased by Plaintiff. In Texas, the warranty of merchantability is extended to any person who may be reasonably expected to use, consume, or be affected by the goods.

4.3 Defendant breached the warranty of merchantability by manufacturing and selling goods which were unmerchantable when sold because the goods contained a manufacturing defect.

4.4  Defendant failed and refused to remedy the Vehicle's defect. Defendant's breach of warranty directly and proximately caused injury to Plaintiff, which resulted in actual damages including loss of use of the Vehicle, loss of business income, finance charges for the Vehicle, insurance and other expenses, interest and court costs totaling an amount within the jurisdictional limits of this Court.

*Strict Products Liability*

4.5  Plaintiff repeats and re-alleges all of the foregoing as though fully set forth herein.

4.6  At all times material hereto, Defendant FCA was in the business of designing, developing, and distributing automobiles, including vehicles such as the Dodge Ram 3500, and did design, develop, and distribute the subject vehicle.

4.7  FCA is thus the "manufacturer" of the subject vehicle within the meaning of Tex. Civ. Prac. & Rem. Code § 82.001(4), and is liable under the doctrine of strict products liability in tort for injuries produced by any defect in the subject vehicle arising out of the design of said vehicle. These defects were present in the subject vehicle at the time it left the possession of Defendant FCA.

4.8  Moreover, at the time Defendant FCA designed the subject vehicle airbag deployment system, a safer, alternative design existed for the airbag deployment system. The design would have prevented and/or significantly reduced the risk of Plaintiff's damages without substantially impairing the products' utility and was economically and technologically feasible at the time the subject vehicle and its airbag deployment system left the control of Defendant FCA.

4.9  Plaintiff Luis Martinez suffered from injuries due to defects in the design of the subject vehicle. Specifically, Defendant FCA failed to warn of the subject airbag's propensity to detonate upon foreseeable and ordinary use. Defendant's failure to give adequate and proper warnings and faulty marketing rendered the subject vehicle and subject airbags unreasonably dangerous and caused Plaintiff's injuries and damages.

*Negligence and Gross Negligence*

4.10  Plaintiff repeats and re-alleges all of the foregoing as though fully set forth herein.

4.11  Defendant FCA and its agents, servants, and employees, for whose acts it is responsible, was negligent and grossly negligent in designing, manufacturing, marketing, maintaining, distributing, selling and/or supplying the subject vehicle and subject airbags. Defendant

FCA and its agents, servants, and employees engaged in certain acts and omissions constituting negligence and gross negligence, including, but not limited to:

a. Failing to properly design the subject vehicle and subject airbags;

b. Failing to properly market the subject vehicle and subject airbags;

c. Failing to properly manufacture the subject vehicle and subject airbags;

d. Failing to properly inspect the subject vehicle and subject airbags;

e. Failing to properly design, manufacture and test the subject vehicle and subject airbags;

f. Failing to adequately warn the parties to this case and others, including the general public, regarding the use, operation and dangers of the subject vehicle and subject airbags; and

g. Recklessly disregarding an extreme degree of risk to Plaintiff and drivers and passengers that Defendant FCA was subjectively aware of the defects in the design of the subject vehicle and subject airbags.

4.12  Plaintiff will show that these acts of omission and commission, when taken separately and/or together, constitute negligence and gross negligence. Plaintiff will further show that the foregoing acts of negligence and gross negligence were proximate causes of the severe injuries sustained by Plaintiff and Plaintiff's resulting damages.

*Res ipsa loquitur*

4.13  Alternatively, Plaintiff cannot more specifically allege the acts of negligent manufacture, design or marketing on the part of Defendant FCA for the reason that facts in that regard are within the knowledge of said Defendant, and in alternative, in the event Plaintiff is unable to prove specific acts of negligent design, manufacture, or marketing, Plaintiff relies on the doctrine of res ipsa loquitor. In this connection, Plaintiff will show that the design, manufacture and/or marketing of the airbags in the subject vehicle were within the exclusive control of Defendant FCA. The occurrence causing harm to the Plaintiff, was one which, in the ordinary course of events, would not have occurred without negligence on the part of Defendant FCA. Thus, Defendant FCA was negligent in the design, manufacture and/or marketing of the vehicle in question, which negligence was a proximate cause of the injuries and damages sustained by Plaintiff.

*Plaintiff's First Amended Original Complaint*

## V.

## DAMAGES

5.1 Plaintiff seeks all elements of damages for acts and/or omissions constituting negligence, gross negligence, breach of implied warranty of merchantability and/or strict products liability. Plaintiff seeks all elements of damages, in the past and in the future, permitted under the law from the Defendants including, but not limited to, claims for medical and/or hospitalization care, mental anguish, pain and suffering, personal injuries, loss of earnings, physical impairment, disfigurement, replacement of the vehicle, and all said damages in an amount that Plaintiff would show that he is justly entitled to at the time of trial. Plaintiff also seeks punitive or exemplary damages. Finally, Plaintiff seeks attorney's fees and asserts a claim for costs of court and pre-judgment and post-judgment interest allowed under Texas law. Upon the trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages in the amount which exceeds the minimum jurisdictional limits of the Court.

## VI.

## REQUEST FOR JURY TRIAL

6.1 Plaintiff Luis Enrique Martinez asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## VII.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that Defendant be cited to appear and answer and that Plaintiff be awarded a judgment against Defendant for the following:

1. Actual damages;
2. Exemplary damages;
5. Prejudgment and post judgment interest as allowed by law;
6. Court costs;
7. Attorney fees; and
8. Such other and further relief to which Plaintiff may be justly entitled to in law or equity.

*Plaintiff's First Amended Original Complaint*

Respectfully submitted,

**LAW OFFICE OF RAMON GARCIA, P. C.**
222 W. University Drive
Edinburg, TX 78539
(956) 383-7441 and (956) 381-0825 Fax
jdeleon@ramongarcia-law.com
rsalinas@ramongarcia-law.com


By: _/s/*Ramon Garcia*_
     RAMON GARCIA
     State Bar No. 07641800
     Federal Id. 3936
     Attorney-in-charge

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

    I, RAMON GARCIA, do hereby certify that on this the 10th day of January 2020, true and correct copies of the above and foregoing Plaintiff's First Amended Original Complaint was sent via electronic mail to:

| | |
|---|---|
| Mr. Kurt C. Kern | Email: kurt.kern@bowmanandbrooke.com |
| Ms. Yesenia E. Cardenas-Colenso | Email: yesenia.cardenas@bowmanandbrooke.com |
| Ms. Amanda Crawford | amanda.crawford-steger@bowmanandbrooke.com |

BOWMAN AND BROOKE, LLP
5830 Granite Parkway, Ste. 1000
Plano, Texas 75024
**Attorneys for Defendant FCA US, LLC**

                                                                                /s/ *Ramon Garcia*
                                                                                RAMON GARCIA